## DAGGS v. PHILLIPS et al.

No. 28569.　Jan. 10, 1939.

Claude V. Thompson, for plaintiff in error.

Busby, Harrell & Trice, for defendants in error.

DANNER, J. The plaintiff owns a two-story building. The ground floor is a large room suited for business purposes. The second floor is divided into apartments. The plaintiff and his wife live in one of those apartments, and rent the remaining apartments to various tenants for residence purposes. The plaintiff leased the ground floor to the defendants, who subsequently installed and began operating a bowling alley there. Shortly thereafter the plaintiff instituted the present action seeking to enjoin the defendants from operating said bowling alley, on the ground that it disturbed the peace, comfort, and repose of the plaintiff and his tenants living above. The trial judge held for the defendants, and the plaintiff appeals.

The plaintiff first leased the premises to the defendants under a two-year written lease. This lease contained the provision "that the same will be run with a minimum amount of noise; that there will be permitted no loud speaker, no loud band or radio music sufficiently loud to disturb occupants of apartments located above said premises." That agreement provided for a monthly rental of $125 and was signed by the plaintiff and delivered to the defendants. The defendants failed to sign it, but entered into possession and made a payment of rental under it.

In less than a month the defendants decided that with the plaintiff's permission they would like to operate a bowling alley in the place. They conferred with plaintiff, who at first objected. He took time to think it over, and conferred with his wife. Later, according to the record, he said "I am going to let you put the bowling alley in there. * * * Bowling alleys are going to make some noise and it ought to be worth more money." Accordingly, he stated that if he should permit the defendants to operate a bowling alley it would be worth $150 per month, instead of the $125 mentioned in the above lease. After further conferences, including several with a representative of a bowling alley equipment company, who later sold the equipment to defendants, it was orally agreed that defendants would be permitted to operate a bowling alley there, and that they would pay $150 per month and have a five-year lease, and, further, that defendants would extend the rear end of the building ten feet to accommodate the length of the alleys.

There had not been any written modification of the lease instrument, but at this time a three-party agreement was drawn up, between the plaintiff, the defendants, and the bowling equipment company, wherein the plaintiff waived his landlord's lien as against the equipment company, in case of default in rental payment, and also

granted the company an option to operate the premises as a bowling alley if for certain stated reasons the lease should be terminated. · And the company, if it should exercise that option, was to have its nominee "become the tenant of said premises from the owner at the same rental and upon the same terms and conditions as are contained in the present lease, or any extension or renewal thereof, which may be in effect between the Owner and Proprietor" (defendants). This instrument, which was signed by the plaintiff and defendants, but which does not appear to have been signed by the company, recited in the preamble that the plaintiff had by written lease let the premises to defendants for a five-year term, with a five-year renewal option. The parties had discussed the five-year term, but had not reduced to writing any agreement to that effect.

It is indisputable, and the plaintiff does not deny, that he consented to installation of the bowling alley. Accordingly, the defendants purchased same at a price of $7,700, and altered the building, totaling over $8,000. Said installation and repairs took about three weeks, during which time plaintiff was present and made no objection.

Several days prior to opening the place for business the plaintiff presented the defendants with a new lease contract, which they refused to sign, for the reason that it contained a restriction against use of the premises for a bowling alley.

Plaintiff testified that, while he agreed that the premises could be used for a bowling alley, it was because defendants "agreed to keep the noise down"; that is, that the alley would be operated as quietly as possible. There is nothing in the record to indicate that it was not operated as quietly as possible. The uncontradicted evidence is that by use of modern silencing equipment, both in the back and front ends of the alleys, less noise, was created than usually comes from a bowling alley. The business had operated only a few days when the defendants, due to plaintiff's objection, made an appointment with him for the purpose of discussing what they could do further to lessen the noise, such as installation of a sound-resisting ceiling. Plaintiff did not keep that appointment, but went instead to his attorney and filed this action.

In appealing the plaintiff cites authorities to the effect that private nuisances may be enjoined; that a landlord may enjoin a use of the premises which is in violation of a restrictive covenant contained in the lease agreement, where he has no adequate remedy at law; and authorities wherein bowling alleys were held to be nuisances. The evidence was sufficient to have supported a finding to the effect that plaintiff, his wife, and his apartment tenants above the bowling alley were so disturbed by the noises emitting therefrom as substantially to interfere with their peace, comfort, and repose.

We are not disposed either to disagree with the principles of law cited by plaintiff, as described above, or with his conclusion as to the effect of the noise upon him and his second floor tenants. We feel, however, that having deliberately consented to installation of the bowling alley, with knowledge of the fact that some noise would be produced, and having stood by and permitted the defendants to expend $8,000 in reliance upon said consent, he should be estopped to enjoin the reasonable use of the premises as a bowling alley, even though it disturbs him. The issue of estoppel was raised by the pleadings. There is no great conflict in the evidence as to the exact terms of the consent which plaintiff gave. It appears that the defendants agreed that the equipment to be selected and the operation thereof would be as little noise-producing as possible for a bowling alley. It was not expected that same would be absolutely noiseless. All of the evidence indicates that this promise has been kept by the defendants. While the bowling alley probably creates more noise than the plaintiff anticipated, the record reveals that it is operated with probably as little noise as possible for that type of business.

The plaintiff does not contend that the covenant in the two-year lease, copied above, is controlling. In fact, he contends that there is no binding lease at all, and that the two-year lease is ineffective for the lack of the signature of defendants. On the other hand, the defendants contend that said lease was modified by the subsequent executed oral agreement as described above. Neither party discusses the effect of the three-party written instrument, mentioned above. It would be beyond the scope of the present action to decide, and we do not decide, by just what written instrument or instruments or modification thereof the defendants are occupying the premises. Since the parties are in accord that the relationship of landlord and tenant exists and that the oral agreement was made, and since there is very little dispute as to the terms thereof and that the defendants relied thereon to their detriment, we would arrive at the same result whether we called the

oral agreement a modification or an entirely new contract. This is only an injunction action, based entirely on alleged misuse of the premises, and is not concerned with the length of defendants' tenure.

The plaintiff having expressly consented to installation of the bowling alley, the defendants in reliance thereupon having expended considerable money and labor, and having breached no agreement which they made with the plaintiff in connection with the type of equipment installed and the noise emitting therefrom, the plaintiff should be estopped from enjoining that to which he so consented. It is evident that this is the view taken by the trial judge, and in our opinion he was correct.

The judgment is affirmed.

WELCH, V. C. J., and OSBORN, GIBSON, and HURST, JJ., concur.